UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLASSIC HOME & GARDEN, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>PLANT SOURCE, INC., et al.,<br><br>                              Defendants. | Case No.: 24-cv-00509-AJB-KSC<br><br>**ORDER REQUIRING SUPPLEMENTATION** |

On December 13, 2024, a motion to withdraw as counsel for Defendant Plant Source Inc. ("Defendant") was filed by Robert S. Marticello and Morris Sarafian of Raines Feldman Littrell LLP (collectively, "RFL"). (Doc. No. 18.)

RFL seeks withdrawal pursuant to Rules 1.16(b)(4) and 1.16(b)(6) of the California Rules of Professional Conduct.[1] (Doc. No. 18 at 6.) Specifically, RFL argues "the foreclosure of all or substantially all of Plant Source's assets renders it unreasonably difficult for RFL to represent Plant Source effectively because it is no longer an operating

---

[1] The California Rules of Professional Conduct permit a lawyer from representing a client if, *inter alia*, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client knowingly and freely assents to termination of the representation." CAL. RULES OF PRO. CONDUCT r. 1.16(b)(4), (6).

1

business and cannot afford to defend itself" and Defendant consents to the withdrawal. (*Id.* at 4.) In support of its motion, RFL provided a declaration from Mr. Marticello stating in relevant part:

> I am informed that two secured creditors completed foreclosure sales under Article 9 of the Uniform Commercial Code with respect to their respective collateral. My understanding is that, due to the foreclosure sales, Plant Source ceased business operations and lacks the means to defend itself in this action. As a result, RFL can no longer effectively represent Plant Source.

(Doc. No. 18-1 ¶ 2.) Mr. Marticello also avers that "I am informed that Plant Source consents to RFL's withdrawal as counsel." (*Id.* ¶ 4.)

Mr. Marticello's declaration does not provide sufficient information for the Court to evaluate RFL's reasons for withdrawal. Specifically, the declaration's phrasing leaves the Court questioning who informed Mr. Marticello and what that individual's role in Defendant's corporation is, whether RFL has received any payment on its contract thus far, and what the status of Defendant currently is.[2]

Accordingly, no later than **March 3, 2025**, RFL is ordered to file a supplemental declaration addressing more concretely the status of Defendant and Defendant's consent to RFL's withdrawal.[3]

**IT IS SO ORDERED.**

Dated: February 25, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[2] According to the California Secretary of State's database, Defendant is an active corporation in good standing with the most recent statement of information filed February 21, 2025. *See* CAL. SEC'Y STATE BUS. SEARCH, "Plant Source, Inc." (No. BA20250364289 Feb. 21, 2025), https://bizfileonline.sos.ca.gov/search/business.

[3] If the supplemental declaration or any attached exhibits include information that meets the appropriate legal standard for sealing, RFL may file a corresponding motion to file an unredacted version under seal. *See* J. Battaglia Civ. Case Proc. § IV.