UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLASSIC HOME & GARDEN, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>PLANT SOURCE, INC., et al.,<br><br>                             Defendants. | Case No.:  24-cv-00509-AJB-KSC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**(Doc. No. 18)** |

Before the Court is a motion to withdraw as counsel for Defendant Plant Source Inc. ("Defendant") filed by counsel for Defendant—Robert S. Marticello and Morris Sarafian of Raines Feldman Littrell LLP (collectively, "RFL"). (Doc. No. 18.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw.

**I.     BACKGROUND**

On March 22, 2024, Plaintiff Classic Home & Garden LLC ("Plaintiff") filed an amended complaint against Defendant alleging two common law causes of action: account stated and open book account. (Doc. No. 5, First Amended Complaint ("FAC").) On May 31, 2024, Defendant filed an answer. (Doc. No. 8.) The Court held an Early Neutral Evaluation and a follow up Settlement Conference on August 5 and 26, 2025. (Doc. Nos.

13; 14.) The Court issued a schedule, setting fact and expert discovery to close January 31, 2025, and May 30, 2025, respectively. (Doc. No. 15.) On December 13, 2024, RFL filed the instant motion to withdraw as counsel. (Doc. No. 18.) On February 25, 2025, the Court ordered RFL to supplement its motion with a declaration addressing specific concerns (Doc. No. 22), which RFL timely did (Doc. No. 23). To date, no objections have been filed.

## II.  LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). In ruling on a motion to withdraw as counsel, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)). "Ultimately, '[t]he decision to permit counsel to withdraw is within the sound discretion of the trial court.'" *Westhoff Vertriebsges mbH v. Berg*, No. 22-CV-0938-BAS-SBC, 2024 WL 947803, at *1 (S.D. Cal. Feb. 14, 2024) (quoting *Atkins v. Bank of Am., N.A.*, No. 15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015)).

Under this District's Civil Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. CivLR 83.3.f.3. "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." CivLR 83.3.f.3.b.

## III.  DISCUSSION

As a preliminary matter, RFL has met the requirements of Civil Local Rule 83.3.f by serving and providing a declaration demonstrating that it served Plaintiff and Defendant with the instant motion. (*See* Doc. No. 18-1 ¶ 5.) The Court turns next to the merits.

### A. Cause for Withdrawal

RFL seeks withdrawal pursuant to Rules 1.16(b)(4) and 1.16(b)(6) of the California Rules of Professional Conduct.[1] (Doc. No. 18 at 6.) Specifically, RFL asserts that it should be permitted to withdraw because "[t]wo secured creditors completed foreclosure sales of their respective collateral [in Defendant] under Article 9 of the Uniform Commercial Code." (*Id.* at 5.) As a result, Defendant "is no longer an operating business and cannot afford to defend itself," making it "unreasonably difficult" for RFL to represent Defendant. (*Id.* at 4; Doc. No. 23 ¶ 4–5.) RFL additionally explains that the retainers received from Defendant have been exhausted and "RFL is carrying a balanced owing." (Doc. No. 23 ¶ 3.) RFL further argues that withdrawal will not result in prejudice because the case is in its initial stage, no depositions have been taken or scheduled, Defendant has been counseled about the impact of RFL's potential withdrawal, and Defendant has consented to the withdrawal. (*Id.* at 5–6.)

Under the circumstances, the Court finds withdrawal by RFL is appropriate. As Defendant has ceased business operations, has no cash, and has no revenue, it will no longer be able to pay the fees owed for legal services. *See, e.g.*, *Novalk, LLC v. Kinsale Ins. Co.*, No. 22-CV-0290-BAS-LR, 2024 WL 4774887, at *2 (S.D. Cal. Nov. 13, 2024) ("[F]ailure to pay attorney's fees can be a valid ground for withdrawal.") (collecting cases). Additionally, although the deadline for fact discovery has expired, the action is still in the early stages and there are no other pending motions or imminent hearings. *See, e.g.*, *Twins Special Co. v. Twins Special, LLC*, No. 21-CV-221-JO-DDL, 2023 WL 7350436, at *1 (S.D. Cal. Nov. 7, 2023) ("[T]here is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still

---

[1] The California Rules of Professional Conduct permit a lawyer to withdraw from representing a client if, *inter alia*, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client knowingly and freely assents to termination of the representation." CAL. RULES OF PRO. CONDUCT r. 1.16(b)(4), (6).

in early stages, and the relevant party has had sufficient notice of the intent to withdraw."). Moreover, Defendant has consented to RFL's withdrawal. (Doc. Nos. 18 at 5–6; 23 ¶ 2.) Accordingly, the Court finds that the California Rules of Professional Conduct permit withdrawal and that the lack of prejudice, harm or delay weigh in favor of granting the instant motion.

### B. Business Entity Representation

Pursuant to this District's Civil Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice." CivLR 83.3.j. "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice." *Id.*; *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel.").

The Court recognizes that granting the instant motion leaves Defendant, a corporation, without counsel. However, Rule 83.3 "is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings." *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-CV-706 JLS (DDL), 2024 WL 4030681, at *2 (S.D. Cal. Sept. 3, 2024) (quoting *Sihler v. Fulfillment, Inc.*, No. 20-CV-1528-LL (DDL), 2023 WL 3046072, at *3 (S.D. Cal. Apr. 21, 2023)); *see also High Country Broad. Co.*, 3 F.3d at 1245 (finding it "perfectly appropriate" that the district court entered default judgment against a corporate defendant that failed to retain counsel in violation of the court's order). Accordingly, the Court will permit RFL **thirty days** from the electronic docketing of this Order to obtain substitute counsel and have new counsel file a notice of appearance.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the instant Motion to Withdraw as Counsel (Doc. No. 18) and **ORDERS** as follows:

1. The Clerk of Court is to update the docket to reflect the withdrawal of Robert S. Marticello and Morris Sarafian of Raines Feldman Littrell LLP as counsel for Defendant in this case.

2. No later than **March 12, 2025**, Raines Feldman Littrell LLP **MUST** (1) serve a copy of this Order on Defendant and file proof of service with the Court and (2) inform Defendant of the contents of this Order by phone and email and file a declaration averring to having done so.

3. No later than **April 4, 2025**, Defendant **must** retain counsel and have counsel file a notice of appearance. Failure to timely do so may subject Defendant to default proceedings.

**IT IS SO ORDERED.**

Dated: March 5, 2025

Hon. Anthony J. Battaglia
United States District Judge